# CIVIL COMPLAINT

Plaintiff: Yekaterina (Katrina) Zimmerman
2198 Four Winds Blvd.,Kissimmee, FL 34746
katrinaetra@gmail.com
(407)558-4994

V.

Defendant: McDonald's
McDonald's as Corporate Agent
7627 W. Irlo Bronson Hwy
Kissimmee, FL 34747

Dear Honorable Judge,

I, Yekaterina Zimmerman, known as Katrina, hereby ask the Court to hear my complaint against my former employer McDonald's. The complaint is for the following grievances that I suffered at my workplace McDonald's: I was sexually harassed, discriminated against based of sex (female), and retaliated against me for reporting sexual harassment -- in violation of Title VII of the Civil Rights Act of 1964 as amended. My employment was wrongfully terminated. Furthermore, I was subjected to libel, slender and defamation of character.

## COMPLAINT DESCRIPTION:

1. From the day I was hired by McDonald's General Manager Desmond Black on April 13 of 2017, I have been an outstanding employee who never missed a day of work, received bonuses, raises, five letters of recognition from the GM, and numerous letters of praise from McDonald's customers in customer satisfaction surveys. I was receiving bonuses because my name was mentioned nearly every week in praise comments from customers. In April of 2018, I was chosen by the Area Supervisor Joe as an exemplary employee to work at Convention Center McDonald's for the duration of McDonald's Worldwide convention. At the convention I was congratulated by Vice President of McDonald's and McDonald's executives for excellent work. McDonald's executive Alan Cohen, the Director of Operations for McDonald's corporation said, "We owe our success to this girl Katrina". The executives recognized me from their prior visit to Desmond Black's store when they also acknowledged my customer service.

2. During my employment at McDonald's restaurant I experienced sexual harassment from the hands of General Manager Desmond Black. Mr. Black would touch me in a inappropriate way, stroking my arms, breast, waist line, and at times when he corners me in a secluded area, Mr. Black would forcefully hug me and press his genitals against me. In multiple occasion, I asked Mr. Black to stop what he was doing. I made him aware that I would like to continue working at

the store - I just did not want to be sexually harassed. It was a difficult decision to make a formal complaint about Desmond, because he showed me so much appreciation in way of official letters of recognitions and multiple bonuses he awarded me for excellent work that I have done for him. I made him aware that I would like to continue working at the store - I just did not want to be sexually harassed. However, sexual harassment escalated when Mr. Black ordered me to follow him to men's bathroom. Mr. Black started to touch himself in the bathroom and told me that he wanted to show me something. I told him to stop and exclaimed, 'What are you doing!' Mr. Black started to get angry and was forcefully trying to press against me, blocking my way. While I was trying to walk out, Mr. Black yelled at me and said 'clean it', pointing with his finger to the mess he made in the bathroom. He also told me that I should keep in mind that if I complain about this to anyone, I shall be fired immediately. This was a threat of retaliation, followed by an act of retaliation against me: Desmond Black terminated my employment shortly afterwards on May 25, 2018. I was retaliated against for reporting sexual harassment -- in violation of Title VII of the Civil Rights Act of 1964 as amended.

I, an entirely innocent person, was deprived of my job, my right to work at any corporate McDonald's, my benefits that I earned after working at McDonald's for more than a year, my promotion opportunity - I suffered severe damage to my career, my reputation and well-being.

3. I researched a proper way of filing a complaint and found on McDonald's corporate website a paragraph under Employee Complaints that employee complaints must be reported to their general manager. The corporate complaint phone number and contact information is for customer complaints only. I first reported my complaint to my General Manager, as I was supposed to. Subsequently, I filed complaint with EEOC, reporting sexual harassment, as well as retaliation for reporting sexual harassment, that I have also suffered. I made a report to EEOC in compliance with EEOC regulations for filing a complaint and within the time period allowed to file a complaint. I received from EEOC the Right to Sue, which I enclose.

4. Mr. Black's sexual harassment of me caused a hostile working environment at my workplace: several other employees verbally and physically harassed me. In particular, one employee (Debbie) hit me with a cart, called me names, and spread malicious lies about me, saying that I was having a sexual relationship with the GM Desmond, and receiving bonuses for sex. On or about April 26, 2018, a week after my return from the convention, that same employee (Debbie) called me a "whore" in McDonald's lobby and threw in my face a dirty, wet rag. I reported the incident to GM Desmond Black immediately, on the day it occurred and it was clearly seen on the security camera. However, I was not allowed to call the police and was threatened to be fired if I call the police. When I called the police to the store, previously, on March 17, 2018 to report abuse (as well as malicious defiling of my clothes at McDonald's), I - the victim - was suspended without pay for three days for calling the police. Once again I was threatened retaliation: I was told by my employer that I shall be fired if I ever call the police.

5. In an official document -- the letter of termination of my employment, Mr. Black wrote that my employment was terminated after I threw a rag at an employee. It appears, Mr. Black copied my exact words that I wrote to describe how I was assaulted by Debbie, and used those exact words ("threw a dirty, wet rag in the restaurant lobby" ) to fabricate an accusation against me,

thereby creating slander and libel. Mr. Black's statement is hurtful and untrue. I never threw anything at any co-worker, and I can easily prove my innocence. There are security cameras in the restaurant, and if such incident were to happen, there would be security camera evidence. No such camera evidence exists, because no such incident occurred. False accusation can be fabricated, but the state of the art security camera at McDonald's (designed to monitor and digitally store data) is a reliable, impartial witness that does not lie.
It is an undisputed fact that security camera shows no incident in question and no wrong doing of any kind on my side.

6. Just four weeks before I was terminated, I was chosen as an outstanding employee, to attend McDonald's Convention at Orlando Convention center, where I met with president of McDonald's and his executives whom I would like to call upon as witnesses, as they acknowledged my outstanding work and knew me by name. I was a star on the rise, a highly sought after employee, but after what Mr. Black did, I instantly became a person fired for violence, who no one would be willing to hire. I was thereby defamed, and this severe defamation of my character, in addition to sexual harassment that I suffered, caused me extreme emotional distress, as well as financial losses. I was not able to find another employment because of the accusation, unable to pay the rent due to loss of income; I and my little daughter were evicted from our residence and lost our home.
I am a single mother and a Christian woman who joined McDonald's because I believed in working at a respectable, family oriented establishment, suitable for a person such as myself who demonstrated highly professional work ethics. I was offended and insulted by the accusation against me, as well as the hostile, sexual bias with which I was treated.

7. When I was invited to work at Convention McDonald's, as well as at Worldwide McDonald's, I noticed that there was a more equal amount of female and male managers at those stores. After I suffered sexual harassment in the male bathroom, as I described above in (2.), I asked Mr. Black for a transfer to Worldwide McDonald's, because the store manager of that store (Ron) had a very good opinion of me, and said I am just what his store needs. But Desmond Black denied the transfer, saying he needs me at his store.

8. I was recommended for promotion after my success at the McDonald's Convention in April of 2018, but I was denied promotion by Mr. Black. There were only two female managers in the store (Natalie and Emma) during the time I was employed there for over a year, whereas there were eleven male managers including the general manager Black. The male manager were: Frank, Williamson, Philippe, Augusto, Kevin, George, Geoffrey, Jose, Jose (2) and Juan. More than one of the male managers were promoted to management position by Desmond Black. No female employee was promoted to manager position by Mr. Black. Natalie and Emma were already managers for many years before Desmond started as general manager at Kissimmee store.

9. There is a great deal of evidence to support the fact that I was an outstanding employee: there is a Corporate McDonald's record to confirm that I never missed a day of work, I received

multiple bonuses, raises, five letters of recognition from the GM, and numerous letters of praise from McDonald's customers in customer satisfaction surveys. Moreover, I was highly commended at the Convention by McDonald's executives, whom I would name is witnesses. Due to all the above reasons, I conclude I was denied promotion based on sex, and I was discriminated against based on sex (female).

I have suffered outrageous injustice at McDonald's: I have been assaulted, sexually harassed, discriminated against based on sex, subjected to hostile working environment, wrongly accused and fired in retaliation against me. As a Christian person I would appreciate a sincere apology from Desmond Black and I hope McDonald's takes steps towards correcting the wrong that was done to me. I urge Desmond Black to confirm to this court that I am not only entirely innocent of the accusation, but I have always been an outstanding employee. I visited the store a few days after my employment was terminated, not to ask to be rehired, but to ask Desmond Black to bring truth to light, because he has access to the evidence that proves my innocence, such as security camera footage, and McDonald's documents that all prove accuracy of my statements. I seek $250.000 in relief from McDonald's for severe emotional distress and financial damages due to wrongful termination of employment, discrimination by sex, sexual harassment, retaliation for reporting sexual harassment, libel, slender, and defamation of character.

I thank the Court,

Sincerely,

Yekaterina (Katrina) Zimmerman

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

E PLURIBUS UNUM



EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Katrina Zimmerman**
**5020 W Irlo Bronson Hwy**
**Kissimmee, FL 34747**

From: **Tampa Field Office**
**501 East Polk Street**
**Room 1000**
**Tampa, FL 33602**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **511-2019-00352** | **ISAIAH RODRIGUEZ, Investigator** | **(813) 202-7919** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Evangeline Hawthorne [signature]

**Evangeline Hawthorne,**
**Director**

8/29/19
*(Date Mailed)*

Enclosures(s)

cc:

**MCDONALD'S**
**7627 W. Irlo Bronson Hwy**
**Kissimmee, FL 34746**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

## PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed*** to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 511-2019-00352

Florida Commission On Human Relations and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Yekaterina Zimmerman | (407) 558-4994 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 5020 W Irlo Bronson Hwy, KISSIMMEE, FL 34747 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MCDONALD'S | | (407) 558-4994 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7627 W. Irlo Bronson Hwy, KISSIMMEE, FL 34746 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] RETALIATION [ ] AGE [•] DISABILITY [ ] GENETIC INFORMATION [ ] OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 05-25-2018 | 05-25-2018 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

PARTICULAR HARM: I was hired as a Crew by McDonald Corporation Agent on or about 4/13/2017. My immediate supervisor's name is Desmond Black, General Manager. In 2017, I began to experience harassment and sexual harassment by but not limited to Mr. Black. Mr. Black would touch me in my arms, breast, waist line and at times when he corners me in a secluded area, Mr. Black would forcefully hug me and pressed his genitals against me. In multiple occasion, I asked Mr. Black to stop what he was doing and told him that I would be complaining to the Corporate HQ. Mr. Black told me that 'If I ever tell anyone, I would be fired immediately'. It was not the first time Mr. Black had threaten me. I attempted to complain to Corporate HQ but the corporate website only allows customer to complain but employees must file their grievance with their respected manager. Mr. Black harassment went on for almost a year. During 2017, I receive multiple awards, bonuses and recognition for my work. I asked Mr. Black for a promotion but he denied my request. I have worked with the Respondent over a year and female employees were not getting promoted. In 5/2018, Mr. Black ordered me to follow him to the bathroom. Mr. Black started to touch himself in the bathroom and told me that he wanted to show me something. I told him to stop and asked him what are you doing. Mr. Black started to get angry and forcefully trying to hug me. I started to walk out and Mr. Black yelled at me and said 'clean the bathroom'. This was unusual practice for Mr. Black by assigning female to clean the male bathroom. On or about 5/21/2018, I was suspended and I was not given a reason why I was suspended. On or about

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Yekaterina Zimmerman on 10-30-2018 10:53 AM EDT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [ ] FEPA | |
| | [X] EEOC | 511-2019-00352 |

Florida Commission On Human Relations and EEOC

*State or local Agency, if any*

5/25/2018, I was terminated from my employment.

I believe I was discriminated against because of my sex (female) and retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Digitally signed by Yekaterina Zimmerman on 10-30-2018 10:53 AM EDT | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Tampa Field Office**

501 East Polk Street, Room 1000
Tampa, FL 33602
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Tampa Status Line: (866) 408-8075
Tampa Direct Dial: (813) 228-2310
TTY (813) 225-7025
FAX (813) 228-2841
Website: www.eeoc.gov

Katrina Zimmerman
5020 W Irlo Bronson Hwy
Kissimmee, FL 34747

RE: Charge: Zimmerman v. McDonalds / No. 511-2019-00352

Dear Ms. Zimmerman,

This letter is to explain the evidence that the U.S. Equal Employment Opportunity Commission (EEOC) has gathered in your case against McDonald's and to inform you of the next steps you may take to pursue this matter further.

In accordance with the Commission's Priority Charge Handling Procedures, our staff is required to make careful decisions about charges to ensure that our limited available resources are focused on charges which we believe, based upon our extensive experience in interpreting the laws that we enforce, are most likely to result in findings of violation(s). While reasonable persons may differ in their views of the available evidence pertaining to individual charges, our final determinations must comport with our interpretation of the available relevant evidence and the laws we enforce.

The evidence obtained by Respondent shows that you were terminated after throwing a dirty rag and not in retaliation for protected activity. Moreover, witnesses do not corroborate your harassment claims.

On the basis of the information obtained, it is not likely that further investigation would yield evidence sufficient to show that a violation occurred. Therefore, it has been determined that no further action is warranted and your charge will be dismissed. You will receive the dismissal notice which describes your right to pursue this matter further by filing a lawsuit in federal court within 90 days of your receipt of the dismissal notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by the EEOC. We hope this information is helpful and regret there is nothing further we can do in this matter.

Sincerely,

Evangeline Hawthorne

Evangeline Hawthorne
Director